UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20180-BLOOM/Otazo-Reyes

JOSEPH E. WADE,

    Plaintiff,
v.

PASSION L. SULLIVAN, *et al.*,

    Defendants.
_____/

ORDER ON MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon the Plaintiff Joseph E. Wade's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [7] (the "Motion"). Plaintiff, who filed a Complaint on January 13, 2023, ECF No. [1], and is proceeding *pro se*, has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Motion to Proceed** *in forma pauperis*

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305,

1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

In the Motion, Plaintiff represents that he earns $3,823.89 per month. *Id.* at 2. Plaintiff further represents that he has $100 in a financial institution, supports his 22-year-old son and parents who are 83 and 84 years old, respectively, and that his total monthly expenses are

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

$4,035.00 per month. *Id.* at 4, 5. Because it is unclear how Plaintiff manages his monthly expenses, which exceed his monthly earnings, the information provided in the Motion is therefore insufficient to substantiate Plaintiff's request for IFP. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

## II. The Complaint

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, a second analysis is required. Upon a motion to proceed *in forma pauperis,* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

3

that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Upon review, the Complaint in this case must be dismissed because it fails to state a claim. The Plaintiff sues for "injunctions, to stop the Agency from further harassment of Plaintiff, other federal employees, and immediate reversal of Agencies [sic], illegal actions." ECF No. [1] at 4. He further charges all Defendants of being "guilty by way of conspiracy to the same, whistleblower retaliation, fraud, cyber fraud, schemes, libel, (PPP) personnel prohibited practices constitutional violations. [sic] and (ADA) violations." *Id.* The Complaint does not set forth a factual basis for these allegations.[2] As such, even under the relaxed pleading standard afforded to *pro se* litigants, the Complaint must be dismissed. *See Abele v. Tolbert*, 130 Fed. App'x 342, 343 (11th Cir. 2005) ("because Abele is *pro se,* we must construe his complaint more liberally than if it had been drafted by a lawyer").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [7],** is **DENIED WITHOUT PREJUDICE**.
3. The Clerk of Court is directed to **CLOSE** this case.

---

[2] The Court notes that filed an identical or substantially similar complaint previously. *See Wade v. Dep't of Veteran Affs.*, No. 23-20182-CIV, 2023 WL 399805, at *1 (S.D. Fla. Jan. 25, 2023).

Case No. 23-cv-20180-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Joseph E. Wade
5025 N.W. 15th Ave
Miami, FL 33142

5